**JOHN C. LEMON**
California Bar No. 175847
**LAW OFFICES OF JOHN C. LEMON, APC**
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0423

Attorney for **Mr. Medina**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08cr1364-DMS |
| Plaintiff, | Date: June 6, 2008<br>Time: 11:00 a.m. |
| v. | |
| **DAVID JOSEPH MEDINA,** | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| Defendant. | |

**I.**

**STATEMENT OF FACTS[1]**

On April 2, 2008, at 11:10 p.m., Mr. Medina was arrested at the Calexico West Port of Entry. Mr. Medina was apprehended in the pedestrian area after a customs inspector performed a pat down search and discovered 1.86 kilograms of marijuana taped to his thighs. After his arrest, Mr. Medina allegedly waived *Miranda* and gave a videotaped, inculpatory statement. Mr. Medina also stated that he was bringing the marijuana for his girlfriend, who had been threatened by drug traffickers in Mexico.

On April 30, 2008, the grand jury for the Southern District of California issued a two count indictment charging Mr. Medina with importation and possession with intent to distribute 1.86 kilograms

---

[1] The following statement of facts was obtained from the statement of facts in support of the complaint filed against Mr. Medina. Mr. Medina does not stipulate to the accuracy of these facts and reserves the right to adopt a contrary position at a motion hearing or trial.

1  of marijuana. *See* 21 U.S.C. §§ 952 & 960; 841(a). Mr. Medina is free on a personal appearance bond.
2  This motion follows.

3  ## II.

4  ## **MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

5  Mr. Medina moves for the production by the government of the following discovery and for the
6  preservation of evidence. This request is not limited to those items about which the prosecutor knows, but
7  includes all discovery listed below that is in the custody, control, care, or knowledge of any government
8  agency. *See generally Kyles v. Whitley,* 514 U.S. 419 (1995); *United States v. Bryan,* 868 F.2d 1032 (9th
9  Cir. 1989).

10  1.  The Defendant's Statements. The government must disclose to Mr. Medina *all* copies
11  of any written or recorded statements made by Mr. Medina; the substance of any statements made by Mr.
12  Medina that the government intends to offer in evidence at trial; any response by Mr. Medina to
13  interrogation; the substance of any oral statements that the government intends to introduce at trial and any
14  written summaries of Mr. Medina's oral statements contained in the handwritten notes of the government
15  agent; any response to any *Miranda* warnings that may have been given to Mr. Medina; and any other
16  statements by Mr. Medina. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the
17  1991 amendments to Rule 16 make clear that the government must reveal *all* of Mr. Medina's statements,
18  whether oral or written, regardless of whether the government intends to make any use of those statements.

19  2.  Arrest Reports, Notes and Dispatch Tapes. Mr. Medina also specifically requests that
20  all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding her arrest
21  or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him.
22  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents
23  in which statements of Mr. Medina or any other discoverable material is contained. Mr. Medina includes
24  in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROI's that
25  the case agent or any other agent has written. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A)
26  and (B) and *Brady v. Maryland,* 373 U.S. 83 (1963). *See also Loux v. United States,* 389 F.2d 911 (9th Cir.
27  1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements,
28  and prosecution reports pertaining to Mr. Medina are available under Fed. R. Crim. P. 16(a)(1)(A) and (B),

1  Fed. R. Crim. P. 26.2 and 12(I).  Preservation of rough notes is requested, whether or not the government deems them discoverable.

3.     *Brady* Material.  Mr. Medina requests all documents, statements, agents' reports, and tangible evidence favorable to her on the issue of guilt and/or evidence that affects the credibility of the government's case.  Impeachment and exculpatory evidence both fall within *Brady's* definition of evidence favorable to the accused.  *United States v. Bagley,* 473 U.S. 667 (1985); *United States v. Agurs,* 427 U.S. 97 (1976).

4.     Any Information That May Result in a Lower Sentence.  As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to *Brady,* 373 U.S. 83.  The government must disclose any cooperation or attempted cooperation by Mr. Medina, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Medina's criminal history, or any other application of the Guidelines.

5.     The Defendant's Prior Record.  Evidence of a prior record is discoverable under Fed. R. Crim. P. 16(a)(1)(D).  Mr. Medina specifically requests a complete copy of any criminal record.

6.     Any Proposed 404(b) Evidence.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); *see also United States v. Brooke,* 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh* and reversing convictions).

7.     Evidence Seized.  Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

8.     Request for Preservation of Evidence.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case

be preserved. This request includes, but is not limited to, any samples of narcotics used to run any scientific tests, **all narcotics**, the results of any fingerprint analysis, Mr. Medina's personal effects, and any evidence seized from Mr. Medina or any third party.

Mr. Medina requests that the prosecutor be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9. *Henthorn* Material. Mr. Medina requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent (including local and state authorities) involved in the present case for impeachment material. *See Kyles v. Whitley,* 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. Mr. Medina further requests production of any such information at least *one week* prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

10. Tangible Objects. Mr. Medina requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Medina . Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Medina requests **color copies** of all photographs in the government's possession of the alleged narcotics and the vehicle.

11. Expert Witnesses. Mr. Medina requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s),

as well as the bases and the reasons for the opinion(s). *See United States v. Duvall,* 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects).

Mr. Medina requests the notice of expert testimony be provided at a minimum of *four weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. *See Kumho v. Carmichael Tire Co.,* 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12.     <u>Impeachment evidence</u>.  Mr. Medina requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Medina. *See* Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady,* 373 U.S. 83. *See United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States,* 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13.     <u>Evidence of Criminal Investigation of Any Government Witness</u>.  Mr. Medina requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty,* 760 F.2d 425 (2d Cir. 1985).

14.     <u>Evidence of Bias or Motive to Lie</u>.  Mr. Medina requests any evidence that any prospective government witness is biased or prejudiced against Mr. Medina, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie,* 480 U.S. 39 (1987); *Strifler,* 851 F.2d 1197.

15.     <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity</u>.  Mr. Medina requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *Strifler,* 851 F.2d 1197; *Chavis v. North Carolina,* 637 F.2d 213, 224 (4th Cir. 1980).

16. <u>Witness Addresses</u>.  Mr. Medina requests the name and last known address of each prospective government witness.  *See United States v. Napue,* 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker,* 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook,* 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Ortiz also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness.  *United States v. Cadet,* 727 F.2d 1453 (9th Cir. 1984).

17. <u>Names of Witnesses Favorable to the Defendant</u>.  Mr. Medina requests the name of any witness who made any arguably favorable statement concerning Mr. Medina or who could not identify her or who was unsure of his identity or participation in the crime charged.  *Jackson v. Wainwright,* 390 F.2d 288 (5th Cir. 1968); *Chavis,* 637 F.2d at 223; *Jones v. Jago,* 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn,* 601 F.2d 785 (5th Cir. 1979), *cert. denied,* 444 U.S. 1086 (1980).

18. <u>Statements Relevant to the Defense</u>.  Mr. Medina requests disclosure of any statement that may be "relevant to any possible defense or contention" that she might assert. *United States v. Bailleaux,* 685 F.2d 1105 (9th Cir. 1982).

19. <u>Jencks Act Material</u>.  Mr. Medina requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2  Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Medina to investigate the Jencks material. Mr. Medina requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

20. *Giglio* Information.  Pursuant to *Giglio v. United States,* 405 U.S. 150 (1972), Mr. Medina requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

21. <u>Agreements Between the Government and Witnesses</u>.  Mr. Medina requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding

1  relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government
2  witness and the government (federal, state and/or local). This request also includes any discussion with a
3  potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or
4  any possible plea bargain, even if no bargain was made or the advice not followed.

5       22.    <u>Informants and Cooperating Witnesses</u>. Mr. Medina requests disclosure of the names
6  and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,
7  disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
8  charged against Mr. Medina. The government must disclose the informant's identity and location, as well
9  as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro*
10 *v. United States,* 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from
11 informants that exculpates or tends to exculpate Mr. Medina.

12      23.    <u>Bias by Informants or Cooperating Witnesses</u>. Mr. Medina requests disclosure of any
13 information indicating bias on the part of any informant or cooperating witness. *Giglio,* 405 U.S. 150.
14 Such information would include what, if any, inducements, favors, payments or threats were made to the
15 witness to secure cooperation with the authorities.

16      24.    <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Medina requests
17 all citizen complaints and other related internal affairs documents involving any of the federal, state or local
18 law enforcement officers who were involved in the investigation, search, arrest and interrogation of Mr.
19 Medina. *See Pitchess v. Superior Court,* 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of
20 these documents, defense counsel will be unable to procure them from any other source.

21      25.    <u>Training of Relevant Law Enforcement Officers</u>. Mr. Medina requests copies of all
22 written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law
23 enforcement agencies involved in the case (Immigration and Customs enforcement, Customs and Border
24 Protection, DEA, etc.) to their employees regarding training, policies and procedures regarding the
25 interrogation of suspects.

26      26.    <u>Performance Goals and Policy Awards</u>. Mr. Medina requests disclosure of information
27 regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement
28 officers involved in the case to the extent such information relates to the detection of contraband. This

request specifically includes information concerning performance goals, policy awards, and the standards used by involved law enforcement agencies for commending, demoting, or promoting agents for their performance with respect to the detection and interruption of marijuana cultivation operations.

27. <u>Opportunity to Weigh, Count, View and Photograph the Contraband</u>. Mr. Medina hereby requests an opportunity to view, count, photograph, and weigh the contraband allegedly confiscated in this case.

28. <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. Ortiz requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

29. <u>Residual Request</u>. Mr. Medina intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.

Mr. Medina requests that the government provide the above requested material sufficiently in advance of trial and the next motion hearing date.

### III.
### CONCLUSION

Mr. Medina respectfully requests that the Court grant his motion.

Respectfully submitted,

Dated: May 26, 2008            **/s/ John C. Lemon**
                               **JOHN C. LEMON**
                               Attorney for Mr. Medina